{¶ 25} I concur in the judgment, albeit with great reservation. I have had a great amount of difficulty and consternation with this case. On one hand, appellant has attempted, as the principal opinion points out, to have a relationship with his son, even in the face of various difficulties and obstacles. On the other hand, I have little sympathy for appellant because, as the dissenting opinion points out, appellant has demonstrated his lack of maturity, his sporadic drug use, even with the knowledge of his addiction issues, and his sporadic employment history.
 {¶ 26} After my review of the evidence, however, I believe that the evidence minimally supports the view that appellant's failure to support his son is with justifiable cause (unlike the principal opinion, I do not believe that this evidence is "overwhelming"). Obviously, appellant's lack of financial support is discouraging. A parent, in this case the child's mother, must satisfy substantial financial obligations related to their child. It is indeed unfortunate that appellant does not appear to fully understand, or to take seriously, his support duty. Granted, the evidence did reveal that appellant held various jobs and did seek some employment, but much more effort should be expended. As for the drug use that the dissenting opinion refers to, I do not believe that the evidence indicates what amount of money, if any, that appellant expended for illicit purposes during the one year period preceding the filing of the petition. In view of that deficiency, I am reluctant to point to that factor as the determining factor.
 {¶ 27} Finally, I feel compelled to note that simply because we have determined that *Page 11 
appellant's consent is required for adoption, appellant is not at this juncture necessarily entitled to the full exercise of visitation rights. This is an issue that the trial court may be asked to decide at a later day and after it fully considers the child's best interest. Of course, in some cases the evidence demands that limited or supervised visitation may be appropriate. We, however, make no comment about the merits of that particular issue.
 {¶ 28} In sum, although appellant's actions have been obviously less than stellar, I believe that the evidence adduced at the hearing must result in the conclusion that appellant's failure to support his child is justifiable and his consent is necessary for an adoption. *Page 12